IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLIAM HOLLINS**                                                             **PETITIONER**

v.                                                                                                  **No. 4:15CV57-NBB-JMV**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS , ET AL.**                                                 **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of William Hollis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as procedurally defaulted.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

William Hollins, is in the custody of the Mississippi Department of Corrections and was housed at the Mississippi State Penitentiary in Parchman, Mississippi, at the time he filed the instant petition. Mr. Hollins entered a guilty plea to one count of aggravated assault in the Circuit Court of Yazoo County, Mississippi. On March 25, 2011, he was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections ("MDOC"), with ten years to serve and five years suspended (supervised probation). *Id*.

On September 19, 2014, Hollins received a Rule Violation Report ("RVR") after he was found in possession of a cell phone. ECF, Doc. 7. Hollins challenged this RVR through the MDOC Administrative Remedies Program ("ARP"). According to the grievance forms provided by Hollins (ECF, Doc. 7, p. 11), the disciplinary staff heard Hollins' RVR and found him guilty of the specific charge. *Id*.

Hollins filed a Motion for Judicial Review, appealing the ARP decision to the Sunflower County Circuit Court. On January 16, 2015, that court denied his motion and held that the ARP decision was proper. ECF, Doc. 7-2. After the completion of the ARP process, a petitioner may appeal the decision to the circuit court, and thereafter to the Mississippi Supreme Court. The official website of the Mississippi Supreme Court reflects that Mr. Hollins never filed an appeal or other pleading there.

Hollins filed the instant federal petition for a writ of *habeas corpus* on May 6, 2015, raising the following ground for relief, *pro se*:

**Ground One.** I wasn't present when shakedown took place.

In paragraph 13 of his petition, Mr. Hollins states that the issue has been presented to the highest state court. ECF, Doc. 1. However, as set forth above, Mr. Hollins has not filed any pleadings with the Mississippi Supreme Court as to any matter.

**The Doctrines of Procedural Default and Procedural Bar**

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir.2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on

independent and adequate state procedural grounds." *Maples v. Thomas*, ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*. To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Default or Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d

106, 108 (5th Cir. 1995)).  Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Mr. Hollins never exhausted his *habeas corpus* claims by presenting them to the Mississippi Supreme Court, and the deadline for doing so has expired.  As such, his claims are procedurally defaulted.  *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001)("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief.")  Mr. Hollins has shown neither cause for his default, prejudice from application of the default, nor that he is actually innocent of the rule infraction.  As such, he cannot overcome the default, and the instant petition for a writ of *habeas corpus* will be dismissed for that reason.

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as procedurally defaulted.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of June, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE